Close your eyes. This court is now in session. Please be seated. Would the clerk call the next case please? 314-987. People of the State of Illinois. Appellee by Richard Myers v. Elizabeth Clark. Appellant by Pamela Rubio. Ms. Rubio, good afternoon. May it please the Court. This case deals with an issue of first impression. Never before has the Appellate Court or the Illinois Supreme Court decided if a person released on bail, subject to bail conditions, commits the offense of escape by failing to abide by those bail conditions. And for several reasons, this Court should conclude no, that escape doesn't apply under these particular circumstances. First, the statutory language of the escape statute itself indicates that its whole goal is to address the dangers associated with escaping either from constructive or physical custody. The second component of the escape statute, the class 3 component, the failure to return to jail, all of those conditions relate to a defendant's sentence. And in fact, the legislative history shows that as the Illinois Supreme Court and CAMPA acknowledged, the scope of the escape statute over the years has expanded to include the nontraditional forms of punishment, to evolve with the changing terms of detention. But the underlying fact remains the same, that those conditions all relate to a sentence of punishment. So for example, work release and furlough was added specifically to fix the loophole that was still in existence in the escape statute. When a person who had been sentenced to a term of imprisonment was released on work release or furlough. Again, when the failure to report to jail condition was added to the escape statute, it was added for a report to jail after being sentenced. And the same applied to the home confinement situation. All of this language indicates that the escape statute was meant to target the conduct of a person who has been convicted and sentenced. The escape amendments made no mention to any scenario involving bail, and the escape statute does not mention bail at all, and for good reason. Because when a person is released on bail, by definition they are no longer in custody. The goal of the escape statute is not met when it's applied to a bail condition situation. Again, the prevention of endangerment doesn't relate to the scenario where a person is out on bail. In fact, in this case, the trial court released Ms. Clark on her own recognizance. And so the court had to find that she was not a danger in order to release her on bail. That she failed to return to jail upon leaving the drug treatment facility was not an act of escape. It was a violation of bail bond. It was a violation of her bail bond conditions. The legislature never contemplated that this type of conduct be punished under the escape statute. And while there's no specific case law in point, there are a few cases that shed light on this court's analysis in support of our argument. Like I mentioned before, the Illinois Supreme Court in CAMPA discussed what it means to be in custody in terms of a speedy trial clock. And in that case, the defendant was released not on bail, but by the sheriff because of overcrowding issues. And that factor was really important in the Illinois Supreme Court's analysis in determining whether that individual was in custody or not. And determined that he was in custody because the trial court did not release him on bail. And again, went into a discussion of the escape law and noted that since escape is the unauthorized departure from custody, a defendant cannot escape unless he's first in custody. And then they went on and said that this defendant was in custody because he was not on recognizance bond. And the court referred to a few other cases from the past in which the court had been holding that individuals while released on bond are not entitled to pretrial custody credit. Including a situation where a defendant was released on bond and on home confinement. And so the fact that a person is released on bond with bond conditions, one of which might be a return to jail condition, does not mean that they were in custody for purposes of the escape statute. Again, the other case that is somewhat related is People v. Bowdoin. It's a 4th District 2000 case. Because factually it might be the most similar to this case. In that case, the defendant was charged with escape for failure to return from work release while they were out on bond. The state charged him with the Class II version of the escape statute, which was the actual physical escape from an institution. And on appeal, the state asked that both portions of the escape statute be read together. So that a person either released from custody after conviction or a person released before conviction can be punishable under the escape statute under either clause. And the appellate court said no. The Class II version only applies to those people, whether they're charged or convicted, who physically remove themselves from a penal institution. That's a Class II. Or the second clause is the Class III version, which only applies to people who have been convicted and sentenced and who fail to abide by the terms of their sentence. And that's why the constructive custody comes into play in the Class III version of that. Because Ms. Clark was released on bond, her conduct did not fall under the Class III version or the Class II version of the escape statute. When you say this is a case of first impression, you're saying to us that there has not been a case where a person on a personal recognizance bond has been found to be a suspect. Is that true? The matter of first impression is whether a person who violates their bail conditions by failing to return to jail could be found guilty of escape. I don't know of any cases that find that a defendant who has been released on bond on her own recognizance is in custody. In fact, I've only come across cases concluding the opposite, that even those people who are on bonds with certain limiting restrictions are, by definition, the term bail means a release from custody. Okay. I guess that I had a different understanding, and you can educate me about where I'm coming from. But I thought that bail included both money, you could give the court money and you could be released, or you could be released on your own recognizance, and that both of those are nothing more than a release from custody on a temporary basis. Yes, that is correct. Okay. So if she's out, I mean, she was in jail, she was released on her own temporary personal recognizance, and she was told to return to custody, why is that not custody? Well, because the trial court had determined that she needed not to be in custody of the department, and so that's why she was released. She was determined to not be a threat, and the court believed that she would return. She had been released once before for inpatient treatment, which she completed successfully, then came back, then was released again, and she failed to return to jail upon exit of the outpatient treatment facility. For purposes of the escape statute, the escape statute, as it's written and as the legislative history indicates, is a state statute. It relates to a person who is in custody, whether it's constructive or physical, as it relates to their sentence. Here, Ms. Clark, her sentence had been revoked, and she was on bail pending resentencing. And so the escape law, I mean, even in common law, the escape law was to, was targeting a person who was evading punishment, who was, you know, posing a threat to the public and safety by removing themselves without authority from the prison. And here, those acts, her conduct does not fall under the scope of the escape statute, regardless of the limitations placed on her by her bail conditions. It was, they were not tied to a sentence, and that's why the escape statute doesn't apply. Senator Moshe could be charged with and, quote, punished for his violation of bail. Right, yes. So you're saying the operative predicate is there must be sentencing. For the second clause of the escape statute, yes. Because the second, the class three version, right, because all of the conditions provided by the legislature relate to a type of sentence, whether it be day reporting, or work release, or a sentence during which a defendant is released for a follow. They all relate to various forms of punishment. And as our court has stated, those forms of punishment were just added to the escape statute to stay current with the times and acknowledge the variety of alternative sentences. Well, implicitly they're saying that all of those are really custodial. That the defendant is never left custody. Correct. Right. So where are we here with the defendant in this instance? Is she in custody? She's not in custody because she was released on bail. So why isn't that a distinguishing feature that says section three of the escape statute doesn't apply? Well, I think, first of all, I think it's because the legislature has had many opportunities to amend the statute and has chosen not to amend it so broadly that it includes situations involving bail. Second, the whole point of the escape laws have always been about evasion of punishment. And so inherently those added clauses all dealt with some type or another of a sentence. And third, there's really no need. And in fact, it makes it more difficult to apply with equality or with any measure of reliability, because it's illogical to apply the escape law to only baileys who have conditions in favor of bail. In their bail relating to a return to jail. There are many people out on bond whose bail order may not say return to jail. So then this law wouldn't apply to them. It would just be a small section of the bail population, which really, that plus the legislative history and the actual language of the statute, really shows that the legislature did not intend for this to encompass a situation where a sentence had not been imposed. And where a person who is no longer in custody of the department, whether it be physical or constructive custody. There's no dispute that escape would apply to a person who's been released for day reporting or for inpatient or outpatient drug treatment. If the underlying, perhaps the umbrella of custody is still part of the equation. The statute covered this hypothetical. That the defendant, convicted and sentenced. And part of the sentence is the defendant shall report to Juliet on May 30th. The escape statute would cover that, yes. If Ms. Clark, if the trial court instead of releasing her on bail had imposed a sentence of periodic imprisonment. No, no, I'll stay with my hypothetical. If the trial court had done that. May 30th comes and goes and she doesn't show up until the end. Right, and that would fall under the second clause, the class 3 version of escape because it includes a failure to return or failure to report to jail. And again. So the problem we have here is, your argument is, is the failure for her to report to the Whiteside County Jail is distinguishable from my hypothetical, right? Because she has not been sentenced. Correct, because it was a condition of her bail to report to the jail. And so she committed the act of violating bail bond and not the act of escape. So you're saying that she's not in custody. She is not in custody because she has been released on bail. How about when she was sentenced? She was, and then her sentence was revoked. No, how about back to my hypothetical. She was sentenced, and she leaves the court house knowing that she has to, as a condition of her sentence, report on the 30th. That sentence would be a, Yes, it would be constructive custody. Okay. Just like work release or periodic imprisonment or home confinement or any of those. That second section addresses in the escape. Right, the second section refers to various types of sentencing options provided by the court. And so we would say that the escape statute was created for either preventing the physical escape from a penal institution, which does not necessitate a sentence. It could be before sentencing. But the second component is the failure to abide by the conditions of a sentence. And so because there was no sentence here, she violated her bail conditions. She did not violate the offense of escape. Thank you. Mr. Roman. May it please the court, counsel, this court is called upon to interpret the escape statute, specifically the second part of the statute. I cite to that statute on page 3 of my brief. If you read the second part of the statute, it says nothing about sentence.  And then we have to look at what the conditions of her bail or her conditions for going to treatment to this treatment facility was. And upon the defendant's release, etc., the defendant must immediately return to the custody of the Whiteside County Jail using the most direct route of travel and without delay or departure thereof. So just doing a plain statutory interpretation, there's nothing about a sentence. She has to just be convicted of a felony. Here she was convicted of two felonies, burglary and credit card fraud. So she was convicted. The trial judge saw that it was proper to send her to treatment. She was in constructive custody. I think we can all agree that she was not in physical custody. She admitted that she did not report. She was out some 11 days. And with Justice Holdridge's example, I think you can readily apply that example to what we have here and find that she was in constructive custody. In constructive custody, what about the treatment facility? Is that a custodial environment? It was. It was inpatient treatment. So she was not allowed to leave that treatment. If she did leave the treatment, the condition that the trial judge released her to treatment would be returned immediately. So the defendant had 11 free days to do what she wanted. She came back and reported to the police station. But in the order that released her to go to the initial inpatient facility, she was released on a $50,000 temporary recog bond. And the trial court, the order said she's released from custody on January 10th in the custody of her father to attend this treatment program. So the order specifically says she's released from custody to the custody of her father. So I guess what I struggle with is that if the bond was not... I mean, if she's remaining in custody, why would there have been any type of bond? Because there's a difference between physical custody and constructive custody. She was given physical custody to her father, but yet her freedom of movement was confined by the trial judge's restrictions that she stay in treatment. So she was in constructive custody. So that would be the difference there. I believe you can find that she was given physical custody to her father, but yet the trial judge held these conditions as still... You're not in physical custody of the sheriff, but yet there are some conditions on your bond, and the trial judge... Yes, then you're taken out of physical, you're taken out of constructive custody and placed in actual physical custody. So under the condition of a bond, you're not allowed to move out of the state without telling the court. Well, that's a restraint on your freedom. Right, and if you did that, would that then be... You would be subject to the statute regarding the bond, not the state. Yes. So I guess what I'm struggling with is even though this is a failure to report back, it's a condition of a bond, and so that's a separate statute for people that are out on bond, even though you say, well, she had to report back, but it was a condition of bond, not of her sentence. So I guess that covers something else. So how do we pick and choose what provisions of someone's bond really are something that we're going to refer to the state statute for? Well, the statute says nothing about sentence, so you can't connect sentence and conviction. And it doesn't say anything about bond either. No, it doesn't. In CAMPA, I read differently, and they talk about physical custody versus constructive custody, and they read it to mean custody to be interpreted broadly. In their earlier case, Simmons, they interpreted the escape statute broadly. So we have to... Seems to me the Supreme Court is saying you should interpret both of these terms or phrases broadly. It doesn't say anything about treatment in the statute, but the legislature intended to have a broad meaning for the escape statute and for custody. I go back to Justice Holdred's example. Even though the person is on bail, if they don't report back, then that's escape if it's not on May 30th. This similar situation right here. The defendant was supposed to report back to the jail as soon as possible taking the direct route. She failed to do that, so that's where the escape statute comes in. So she did violate her bail bond, but she also violated the escape statute. They're not mutually exclusive. That is predicated upon, if I understand correctly, that being released on bail does not, in your view, mean release from custody. It means release from physical custody, but the court still holds the strings on you and is limiting your freedom, and that's where constructive custody comes in. The voting case that the defense counsel brought up. That case, there was no charge of a class 3 felony. The defendant was only charged with a class 2 felony, and that didn't fall within the reading of the statute, so the appellate court never addressed the class 3 provision of the statute. In this case, you are called upon to interpret the class 3 section of the statute which makes this case a first impression whether the defendant's failure to return directly to the jail, a violation of the escape statute. I cite two Supreme Court cases I alluded to earlier, and then the other Supreme Court case is Peeple v. Page. In that case, the defendant failed to return to the work release center, and that constituted escape. Escape was a holding there. So if we take the two or three Supreme Court cases, tell us that we should interpret custody and the escape statute broadly, and that the legislative intent of the statute was to evolve with changes technologically or other changes such as releasing somebody to an inpatient treatment center, the escape statute is broad enough for that to apply, and it should be applied in this case. If you don't have any other questions, I'd ask that you find that the defendant was guilty of violation of the escape statute class 3 provision. I have a question. I'm saying this is a matter of first impression. Does it matter if she's in custody or not in custody for purposes of who's got to pay for the treatment? Who paid for the treatment? No. If you're in custody of the Department of Corrections, isn't the state then required to pay for that treatment as opposed to if you're out on bond where private insurance might cover treatment or something, is there perhaps a policy reason or some reason why the judge would have released her from custody into the custody of someone, her father or someone else for that treatment? Well, I don't think that makes a difference. I think the operative language is the language of her conditions. Of bail, if you want to say she's on bail, her personal recognizance. I don't think it really matters who pays for the treatment. I think if you look at the plain language of the statute and the plain language I cited here of the defendant's condition, bringing those two together along with the context of the two Supreme Court cases I spoke of earlier, I think the defendant's conduct falls squarely within the Class III provision and we'd ask that you hold her to the escape charge because she voluntarily disobeyed the court order and she failed to return. She should not be rewarded for having 11 days of freedom when in fact she was supposed to report directly and immediately to the Whiteside County Court, Whiteside County Jail, which I think we all agree is a penal institution. Is that? That's it, I'm sorry. Are there any other questions for Ms. Girono? Okay, Ms. Rubio? I just have a few points. There's no dispute that she had conditions of her bail. That doesn't mean that she was in custody, whether it be physical or constructive. But you disagree with that premise of opposing counsel, that being a judge signing an order for bail, being released from custody. She was released from custody, according to the criminal code. So that period of time when the door opens and she walks out, goes home, or whatever else, you're saying the premise is she's no longer in custody. Correct. There's no such thing as constructive custody. There is such a thing as constructive custody when a sentence is imposed. Like periodic imprisonment or day release or those types of conditions are constructive when they're taken to the mall and they're allowed to shop for two hours. Even though the prison supervisor or the employee is not there, that's what constructive custody would be under the escape statute. Here, according to the criminal code, when someone is released on bail, they are released from custody. And in fact, a failure to appear or to abide by the bond conditions is specifically subject to penalty under the section that relates to the violation of bail bonds. So they've already built into the bail component of the criminal code the penalty, which relates to a VOBB, not escape. And it says that any obligated sum shall be forfeited. So there are certain ramifications to a failure to abide by bail conditions, but being released on bail is a release from physical and constructive custody for a temporary amount of time. According to the code and according to the Illinois... Is there any law that says that at this point? The Illinois Supreme Court got the closest in CAMPA to that analysis because, again, that defendant was... They made it a very distinguishing point in CAMPA that the defendant in that case... The court had imposed a bail that the defendant couldn't pay. So the court never actually released the defendant on bail. Instead, he went to jail, the jail was overcrowded, the sheriff released him, and then he violated those conditions. It was the trial issue. The trial... The Illinois Supreme Court held that that particular defendant was in custody because the judge never imposed bail. Even though he was released and would have been released just the same if he had been on bail, it was because the sheriff had never been absolved from their custody of the defendant. And so even though he wasn't in physical custody of the jail, he was still under their custody. And so the Illinois Supreme Court differentiated a bail situation and pointed to cases where defendants who were on bail could not receive pre-sentencing credit because it wasn't considered custody from a situation where the defendant was released but not on bail. So you want this written up as a bright-line rule of sentencing who has to be there? Well, we're asking that the court reverse the conviction because her conduct does not constitute the offense of escape. Yeah, but why? And you're saying because sentencing hasn't been imposed. Because of sent... Right, because... It's a bright line. I mean, that's pretty bright. Yeah, but... That's what you're asking. Yeah, and I think that the language of the law is supporting that. I mean, all the components of the second section of the Class III version of this offense all relate to sentencing conditions. And so I think it's a simple analysis that's supported by the language of the law and the legislative history and any Illinois Supreme Court case law on the subject even though it's not directly on point. Again, if there is any ambiguity, the rule of lenity states that it should be decided in the defendant's favor. So if this court finds that there's an ambiguity about the application of the escape statute, it should find that it should not apply in this case. Dr. Goodwin. Thank you. Ms. McNeil, I have a question. Sure. Conceptually, I'm having trouble with this because she was convicted of a crime, two crimes. And she wasn't sentenced into jail, but she was sentenced to probation. When the probation was revoked, that kicked her back to the position where she was still convicted. She was still subject to a sentence of incarceration. I'm having a hard time feeling that the court has essentially released her and said you're not in custody anymore under those circumstances. She's still convicted of a crime, and she's still subject to be sentenced for that crime because she didn't comply with her 30 months of probation. Yes, her conviction still stood at that time. She was still adjudicated guilty. Now, the definition of conviction is a judgment of conviction or sentence. But if you look at the definition of judgment, that's an adjudication of guilt and sentence. So in a way, there possibly was no final judgment. She could file a motion to reconsider her sentence, could file notice of appeal at that point, and so a final legal judgment hadn't been entered. Her sentence had been revoked. If she had been on probation and committed these acts, I don't think we'd be sitting here, but the fact is that the trial court found her safe enough to the public that they released her on bail, and the bail statute allows for a release from custody, whether it's pretrial or during sentencing,  and so that does the bail law apply to her. It was imposed upon her, and at that point, she was released from custody. Was she ever sentenced on her conviction? On the burglary? She had two charges she was convicted of. She was originally sentenced to probation. So she was sentenced. Yes, and then it was revoked. And then she was sentenced to probation again. And then that was revoked, right. And then she was sentenced to probation a third time. I don't remember if there was a third time, but I believe you. Yes. And you're asking us to find that because her probation was revoked, she's not in the custody of the court anymore. She's not in the custody of a penal institution for purposes of the escape statute because she was released on bond. So that the trial court still had her case before her and the judgment wasn't final is not the question here. I'm not arguing that the court had no jurisdiction over the case or anything like that. I'm just stating that the escape statute applies to certain types of conduct and that her conduct did not fall under this statute because she was not serving a sentence when she failed to return to jail. She violated a condition of her bail bond. And for those reasons, we asked the court to reverse her conviction. But if the condition of her probation was that every Saturday and Sunday she returned to the Whiteside County Jail. Then she could be convicted of escape. Because probation would have been constructive custody. It's an alternative form of sentence other than being inside a penal institution. She would actually be serving a sentence. Right. And part of that sentence would be the return for weakness. Right. It's your right line. You're saying that's the predicate. The sentence has to be there. Yes. And in this instance, there was no sentence that had been revoked. Correct. On at least two occasions. Correct. And that is why. She was to return for supposedly resentencing at the termination of this treatment. Right. And she was under conditions of bail. Right. And every time the legislature has addressed the escape law, they have always addressed it in terms of broadening the definition of the law to include various types of sentences. Alternative forms of the traditional prison term. So each and every time it was before the legislature, it broadened it so that they could make sure that they're covering various sentences. But they've never discussed broadening it enough to cover a scenario involving a bail. And so for those reasons, I don't believe that the court should do that either. And if there are no further questions. We thank both of you for your arguments this afternoon. Thank you. It was a matter under advisement to issue a written decision as quickly as possible. The court will stand in routine session until after the next hearing. Thank you. Thank you very much.